IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY E. SLOAN, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO. 1:16-00202-KD-C |
| | ) |
| JAMES P. CUNNINGHAM, | ) |
|     Defendant/Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ECOVERY, LLC, | ) |
|     Counterclaim Defendant. | ) |

**ORDER**

Before the Court is plaintiff Larry Sloan's motion for judgment, attorneys' fees, and costs associated with the underlying Promissory Note.[1] (Doc. 68).

**I. Background**

The Court entered Summary Judgment in favor of Sloan on November 29, 2017. (Doc. 67). The Court granted Sloan leave to supplement the record with the amount of damages due, and afforded Defendant James P. Cunningham the opportunity to respond. (Doc. 67 at 15). Now, Sloan moves this Court for entry of judgment. (Doc. 68). Sloan submitted evidentiary material in support of his Motion, including relevant legal bills and expenses. Sloan's request includes unpaid principal and prejudgment interest, attorneys' fees, and costs related to the collection of the debt. As of December 6, 2017, Sloan asserts Cunningham owed a total of $286.584.51 in principal and interest. (Doc. 68 ¶ 4). Additionally, under the terms of the Note, Sloan argues interest accrues each day at a rate of $41.19. (Id. at ¶ 5). Sloan requests the total amount plus per

---

[1] The Court afforded Cunningham the option to respond to Sloan's supplement on or before December 13, 2017. Cunningham did not file a response.

diem prejudgment interest up to and including the date of entry of judgment. (Id.). The request is as follows:

- $286,584.51 – Principal and interest up to and including December 6, 2017
- Attorney's fees –
    - $15,158.61 – The Murray Firm
    - $34,620.00 – Briskman & Binion
- $8,044.68 – Litigation costs (which includes $3,250 in attorney's fees for John Crowley)
- $41.19 – Interest accrued daily beginning December 7, 2017

## II.     **Attorneys' Fees**

The relevant contract is a Promissory Note, executed by Cunningham in favor of Sloan on November 15, 2010. In it, Cunningham promised to pay principal and interest and "all costs of collection or securing or of attempting to collect or secure, this note and interest thereon, including without limitation, a reasonable attorney's fee . . . ." (Doc. 1-1 at 2).

Sloan retained the services of three law firms during the course of the litigation: Coale, Dukes, Kirkpatrick & Crowley, P.C., The Murray Firm, and Briskman & Binion. The Murray Firm withdrew after initially representing Sloan and filing the suit in federal court. Briskman & Binion succeeded The Murray Firm and represented Sloan for the duration of this litigation. Coale, Dukes, Kirkpatrick & Crowley, P.C. represented Sloan in matters arising before litigation occurred and ended on December 9, 2016, according to invoices Sloan submitted.

Alabama law applies to the Promissory Note. (Doc. 1-1 at 2 ("This note is to be construed according to the laws of the State of Alabama.")). As noted by the Eleventh Circuit in McMahan v. Toto, 256 F.3d 1120, 1132 (11th Cir. 2001), the Supreme Court has held that

> [I]n an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's

fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.

Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 259 n. 31 (1975).

"Alabama follows the 'American rule,' whereby attorney fees may be recovered if they are provided for by statute or by contract . . . ." Jones v. Regions Bank, 25 So.3d 427, 441 (Ala. 2009) (citations omitted); Hartford Acc. & Indem. Co. v. Cochran Plastering Co., Inc., 935 So.2d 462, 472 (Ala. Civ. App. 2006) (citations omitted) (same). "The determination of whether an attorney fee is reasonable is within the sound discretion of the trial court . . . ." Kiker v. Probate Court of Mobile Cnty., 67 So.3d 865, 867 (Ala. 2010) (citations omitted). To reach a decision as to the reasonableness of the fee requested, Alabama courts consider a non-exclusive list of criteria that includes:

> (1) The nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

Pharmacia Corp. v. McGowan, 915 So.2d 549, 552–53 (Ala. 2004) (quoting Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740, 749 (Ala. 1988) (internal brackets omitted). "These criteria are for purposes of evaluating whether an attorney fee is reasonable; they are not an exhaustive list of specific criteria that must all be met." Id. Instead, the Alabama Supreme Court explained "they are available for the trial judge to use in connection with each claim for attorney's fees." Graddick v. First Farmers and Merchants Nat. Bank of Troy, 453 So.2d 1305, 1311 (Ala. 1984).

The trial court may consider both expert opinion and its own judgment in determining the reasonableness of the requested fees. See, e.g., Beal Bank, SSB v. Schilleci, 896 So.2d 395, 404 (Ala. 2004) ("The trial court, in connection with a consideration of the opinion evidence proffered by qualified experts, may call to his aid his own estimate of the value of such legal services after considering the aforementioned elements and, generally speaking, the allowance rests within the sound judicial discretion of the trial court.") (quoting Ingalls v. Hare, 96 So.2d 266, 274 (Ala. 1957)). Overall, "a fee is clearly excessive when after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee." Peebles v. Miley, 439 So.2d 137, 143 (Ala. 1983).

The party requesting fees has the burden of supplying the Court with evidence from which the Court can determine the reasonable rate. Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999) (citing Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In this case, Mobile, Alabama is the relevant legal community. See Barnes, 168 F.3d at 437 ("[T]he relevant market for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'") (citation and quotation marks omitted).

The Court must also determine whether the time expended on the matter is reasonable. "In determining whether the number of hours expended are reasonable, the court should not include any hours which are 'excessive, redundant or otherwise unnecessary.'" Wright v. Holifield, 2013 WL 105768, at *3 (S.D. Ala. Jan. 9, 2013) (quoting Norman, 836 F.2d at 1301). A party cannot recover fees for hours expended that are excessive, redundant, or "unreasonable

4

to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301 (emphasis omitted).

"When an applicant for attorney fees has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled." Beal Bank, SSB, 896 So.2d at 408 (internal quotations omitted). After calculating the lodestar, "[t]he court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit." Ass'n of Disabled Americans v. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006).

**A. Coale, Dukes, Kirkpatrick & Crowley, P.C.**

Although Sloan categorizes the work John Crowley performed as a litigation cost, the fees Crowley charged Sloan are instead properly categorized as attorney's fees, and therefore must undergo the lodestar analysis.

**1. Reasonable Rate**

Crowley states he has practiced law in Alabama since 1987. (Doc. 68-7 at 1). He is a practicing attorney at the firm Coale, Dukes, Kirkpatrick & Crowley, P.C. It appears Crowley charged Cunningham two different rates. For instance, on December 9, 2016, Crowley billed Sloan one hour, resulting in a $175.00 charge. Beside this was, in all caps, "Cunningham." (Doc. 68-7 at 6). On November 24, 2015, Cunningham billed Sloan .25 hours and charged $56.25. This hourly fee was $225, and beside this notation were the words, "Cunningham Note." (Doc. 68-7 at 3). Therefore, the Court presumes Crowley charged a $225 fee for matters related to "Cunningham Note" and a $175 fee for matters related to "Cunningham." In neither Sloan's

5

motion (Doc. 68) nor Crowley's affidavit (Doc. 68-7) does Sloan explain why Crowley separated these matters or what accounted for the $50 fee difference.

Given Crowley's thirty years of practice and his regard in the legal community as explained by Potts, the undersigned concludes the $225 rate is reasonable. The Court also finds the $175 fee reasonable. The Court will apply Crowley's different rates based upon the description he supplied.

### 2. Reasonable Time Expended

The Court must also determine whether Crowley's time spent on "pre-litigation efforts" and "post-litigation support" was reasonable. (Doc. 68 at ¶ 16). The Note obligated the promisor to pay costs of "attempting to collect . . . ." (Doc. 1-1). For reasonableness, the Court examined the delineated expended hours Crowley charged performing on Sloan's behalf. Crowley began expending hours on this matter beginning November 24, 2015. The last date recorded on which Crowley worked on this matter was December 9, 2016. (Doc. 68-7 at 7). Crowley did not bill for all the time he expended. Indeed, several conference calls in which Crowley participated did not result in any fee to Sloan. Matters on which Crowley charged Sloan include efforts to contact Mr. Shipper, Cunningham's attorney, review of related documents, and preparing disclosure. Upon review of time expended, the Court finds the time to be reasonable.

At the $225 rate, Crowley billed 2.7 total hours for a total of $607.50. At the $175 rate, Crowley billed 15.1 hours for a total of $2,642.50. Together, these fees represent the amount Sloan requested: **$3,250.00**.

### B. The Murray Firm

The Murray Firm, LLC, charged Sloan $15,158.61 on this matter. Counsel P. Bradley Murray billed at a $200 hourly rate.[2]

### 1. Reasonable Rate

Murray was admitted to the Alabama Bar in 1995, and he has represented creditors and debtors in both state and federal court. According to Potts, Murray enjoyed a good reputation within the legal community. (Doc. 68 at ¶ 12 (citing Doc. 68-2 (Potts Aff.) at ¶ 13)). Based upon Potts' representation, Murray's 22 years of experience as an attorney, this Court's knowledge, and the comparable rates charged by attorneys of similar experience in this legal market, the Court finds Murray's $200 hourly rate to be reasonable.

### 2. Reasonable Time Expended

Murray's invoices indicate he expended 72.25 hours working on Sloan's case. These expended hours represented Murray's involvement with the case from the outset until January 9, 2017, the last date shown on which Murray expended time on this matter. (Doc. 68-2 at 31). Murray's time largely involved filing the complaint, responding to the counterclaim, and dealing with discovery issues. Based upon the documented time Murray expended, the Court finds the time expended to be reasonable.

Although Potts represented that Murray's fees amounted to $15,158.61, that sum includes litigation costs. As a result, the Court deducts costs in order to arrive at actual attorney's fees. The first expense Murray billed unrelated to his fee occurred on June 1, 2016. On June 1, Murray billed Sloan $400, the filing fee to file a complaint in federal court.[3] (Doc. 68-2 at 17). On September 1, 2016, Murray's bill included $35.37 for "Legal research in Westlaw . . . ." (Doc.

---

[2] P. Bradley Murray is now a Magistrate Judge in the Southern District of Alabama and thus a colleague of the undersigned. However, the undersigned does not have a conflict of interest because Judge Murray is not making a claim for attorney fees. Rather, Murray was previously paid, and it is Sloan who seeks reasonable attorney fees as partial or full reimbursement.
[3] Sloan also included the $400 filing fee as a cost. (Doc. 68 at ¶ 16).

68-2 at 24). On October 31, 2016, Murray billed $59.85 for "Charge for background report etc." (Doc. 68-2 at 26). Murray's January 23, 2017 invoice included a $213.39 expense for "Copy service expense for Document Production—Staples." (Doc 68-2 at 31). The expenses above are improperly categorized as attorney's fees. Instead, the Court will analyze Murray's costs along with the other costs Sloan submitted. The Court will not, however, include the duplicated $400 filing fee.

The amount due Sloan for Murray's attorney's fees will be based solely on legal work – not costs incurred. Records provided evidence the nature of Murray's work as well as an itemization of the time devoted to this matter. (See Doc. 68-2 at 16-31). The Court finds both Murray's hourly rate and the time expended reasonable. The Court therefore conducts the lodestar analysis, multiplying the reasonable hourly rate by the hours reasonably expended. Murray billed 72.25 hours at a $200 rate. Multiplying $200 by 72.25 hours, the Court finds Sloan is due **$14,450.00** for Murray's attorney's fees.

**C. Briskman & Binion, P.C.**

Sloan seeks $34,620.00 for the services of Briskman & Binion. Two Briskman & Binion attorneys, Charles Potts and Kim Whidden, worked on this matter. Both Potts and Whidden seek $200 per hour for their services. "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citation omitted). Therefore, the Court is limited as to how much weight it affords Potts' own affidavit. However, the Court is familiar with the prevailing rates in this district and may rely upon its own "knowledge and experience" to form an "independent judgment" as to a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (citing Norman, 836 F.2d at 1303).

### 1. Reasonable Fees

Charles Potts has practiced law for over 30 years in this legal community. Potts' experience includes representing both creditors and debtors in similar matters. (Doc. 68-2 at ¶ 18). He is a lawyer at the firm Briskman & Binion. He seeks a $200 rate. The Court finds his request rate reasonable.

Whidden, a litigation attorney at the firm Briskman & Binion, was admitted to the Alabama State Bar in 2007. Whidden provided litigation support to Potts on this matter.

The Court finds the hourly rate charged Whidden charged to be reasonable. See e.g., Wells Fargo Bank, N.A. v. Williamson, 2011 WL 382799, at *4 (S.D. Ala. Feb. 3, 2011) (finding $225 hourly for a partner with 10 years of legal experience to be reasonable in a breach of contract case) and Mitchell Co., Inc. v. Campus, 2009 WL 2567889, 1 (S.D. Ala., Aug. 18, 2009) (finding $200.00 a reasonable hourly rate for an associate with eight years experience). Although "a court should hesitate to give controlling weight to prior awards . . ." past awards are nonetheless relevant in determining whether the requested rate represents a market rate. Dillard v. Greensboro, 213 F.3d 1347, 1355 (11th Cir. 2000); Galbreath v. Hale Cty., Alabama Comm'n, 2017 WL 3584920, at *3 (S.D. Ala. Aug. 17, 2017).

### 2. Reasonable Time Expended

Potts and Whidden supplied detailed invoices depicting the time devoted to this litigation and the matters on which they worked. (See Doc. 68-2 at 32-46). In total, Potts expended 148 hours on this matter and Whidden expended 25.1. These hours included time spent researching, drafting, and filing a motion for summary judgment, replying to Cunningham's opposition to summary judgment, and responding to the Court's Order for supplemental briefing. The circumstances of this case raised a unique legal question and complicated what would otherwise

have been a straightforward breach of contract dispute. As a result, and considering both the nature of the case and the itemized invoices submitted, the Court determines that 148 hours Potts expended and 25.1 hours Whidden expended are reasonable.

Having concluded the time expended and the hourly rate are both reasonable, the Court applies the lodestar formula in multiplying $200 by the number of hours (148 for Potts and 25.1 for Whidden). The lodestar analysis is as follows:

| | | |
|---|---|---|
| Potts | 148 | $29,600.00 |
| Whidden | 25.1 | $5,020.00 |

Together, Potts and Whidden's fees amount to **$34,620.00**. Beal Bank, SSB, 896 So.2d at 408 ("When an applicant for attorney fees has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee to which counsel is entitled.") (internal quotations omitted).

## III. Costs

The Note also bound the promisor to pay "all costs of collection or securing or of attempting to collect or secure . . ." the Note. (Doc. 1-1 at 2). In Alabama, the intent of the parties making a contract controls. See Peppertree Apartments LTD v. Peppertree Apartments, 631 So.2d 873, 878 (Ala. 1993) ("The intention of the parties controls when a court construes the terms of a promissory note, and that intention is to be derived from the provisions of the contract, if the language is plain and unambiguous."). Based upon the Note's terms, the Court finds that Sloan is entitled to recover documented costs incurred while collecting this debt. However, the Court declines to award undocumented costs.

Sloan seeks $8,044.68 for the costs and expenses incurred in collecting the debt. (Doc. 68 at 2). The total includes $400 for the filing fee, $1,007.55 for deposition expenses, $2,912.13 for

LexisNexis database charges, $875.00 for a CPA consulting fee, and $3,250.00 for pre-litigation fees charged by an attorney. (Doc. 68 at ¶ 16).[4] Sloan maintains these costs were "necessarily incurred, [and] are reasonable and customary charges" for similar litigation. (Doc. 68 at ¶ 16 (citing Doc. 68-2 at ¶ 15)).

Sloan submitted documentation for the filing fee, deposition expenses, and a portion of the LexisNexis charges. (Doc. 68-3, 68-4, & 68-5 at 1-2). Documentation was also supplied for costs Murray incurred, in the form of invoices Murray provided Sloan. (Doc. 68-2 at 24, 26, & 31). However, Sloan only submitted documentation for $1,904.58 of the LexisNexis charges. He did not document $1,007.55, and the Court declines to award costs not documented.[5]

The Court finds Sloan is entitled to recover reasonable costs for which he submitted documentation. As a result, Sloan is due for costs incurred, as follows, for a total of **$4,495.74**.

$400.00  Filing Fee

$1,007.55  Deposition Expense

$875.00  CPA Consulting Fee

$1,904.58  LexisNexis Research Charges

$35.37  Westlaw Research Charges

$59.85  Background Report

$213.39  Copy Service Expense (Staples)

**IV.** **Principal and Interest**

---

[4] The Court analyzes Crowley's invoice as an attorney's fee.
[5] It appears that the deposition expenses were added to the LexisNexis expense total in error.

The Promissory Note's principal was 210,245.82.[6] (Doc. 1-1). The Note proceeded to indicate the interest. In relevant part, "interest thereon compounded monthly at a rate of Prime Rate Plus 1% from [November 15, 2010] on the portion of said principal sum . . . ." (Doc. 1-1).

To calculate interest, Sloan employed the services of a CPA, Regina McKellar. The CPA created a schedule to arrive at the amount of interest. (See Doc. 68-1 at 5-7). As of the date of the supplement filing, the total interest amounted to $76,338.69 (representing interest from the Note's execution to November 30, 2017 as $76,091.55 plus $247.14 (interest from December 1, 2017 to December 6, the date Sloan filed his supplement)). The total for both interest and principal as of the date of Sloan's December 6th filing amounts to $286,584.51. (Doc. 68 at ¶ 4). The CPA calculated per diem interest to be $41.19. (Doc. 68 at ¶ 4). Sloan argues he is due:

- $210,245.82   Principal
- $76,338.69    Interest accrued until date of filing
- $41.19        Per diem interest (to accrue from December 7 to date of judgment)

After reviewing the CPA's calculations, the CPA's affidavit (Doc. 68-1 at 1), and the information gathered from the federal prime rate website, the Court finds the evidence submitted sufficiently supports Sloan's calculation of principal and interest owed.

The Court finds Sloan is due $286,584.51 in principal and interest accruing until December 6, 2017 and an additional $1,771.17 for interest accruing beginning December 7, 2017 up to and including January 18, 2018 (43 days). The total principal and prejudgment interest due to Sloan is therefore **$288,355.68**.

V.   **Conclusion**

---

[6] Uncontroverted facts during the Summary Judgment stage of litigation indicated this amount represented the original $180,000 loan plus interest accrued to the date of November 15, 2010.

Based upon the foregoing, the Court finds Sloan is due the following, for a total of **$345,171.42**.

- **$34,620.00**   Briskman & Binion Attorneys' Fees
- **$14,450.00**   The Murray Firm Attorney's Fees
- **$3,250.00**   Coale, Dukes, Kirkpatrick & Crowley, P.C. Attorney's Fees
- **$4,495.74**   Litigation Costs
- **$288,355.68**   Principal and Interest (up to and including today's date)

Pursuant to Fed. R. Civ. P. 58(a), judgment will issue by separate document.

**DONE** the 18th day of January 2018.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**